UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MICHAEL SCOTT HYDER,
          *Defendant-Appellant.*

No. 01-4731

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CR-01-139)

Submitted: January 25, 2002

Decided: February 20, 2002

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Kevin F. McDonald, Assistant United States Attorney, Greensville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Scott Hyder appeals his conviction and 188-month sentence following his guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000). On appeal, Hyder's sole argument is that the sentencing court erred in sentencing him as an armed career offender under *U.S. Sentencing Guidelines Manual* § 4B1.4 because he did not waive his right to counsel in two predicate burglary offenses used to classify him as an armed career criminal. We affirm.

It is undisputed that Hyder was in fact convicted of three separate burglary offenses in 1993. Hyder alleges two of the three convictions are invalid because the guilty pleas to those crimes were uncounseled and he did not waive his right to an attorney.

A defendant may challenge at sentencing the validity of a prior conviction on the ground that he was denied counsel. *Custis v. United States*, 511 U.S. 485, 497 (1994). However, the defendant also bears the burden of showing by a preponderance of the evidence that a prior conviction was invalid. *United States v. Jones*, 977 F.2d 105, 109 (4th Cir. 1992). With only the testimony of Hyder and the prosecutor, the determination of whether Hyder validly waived his right to counsel was a credibility determination for the district court.

Credibility determinations by the finder of fact are not reviewable on appeal. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). Furthermore, there is a presumption of regularity attached to final judgments making it appropriate for a defendant to have the burden of showing irregularity of a prior plea. *Parke v. Raley*, 506 U.S. 20, 28-34 (1992). Here, the district court weighed the credibility of the witnesses and determined Hyder failed to show by a preponderance of the evidence that his prior convictions were invalid. Therefore, we conclude the district court properly found Hyder's previous convictions were valid for sentencing purposes.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.

*AFFIRMED*